# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES McCONICO, JR., | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 08-0168-CG-C |
| RICHARD ALLEN, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a superseding amended complaint under 42 U.S.C. § 1983 (Doc. 15) and requested leave to proceed *in forma pauperis* (Doc. 16) pursuant the provisions of 28 U.S.C. § 1915.[1] This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[1] Plaintiff's motion to proceed without prepayment of fees was previously denied in anticipation of the entry of this Report and Recommendation. (Doc. 18).

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a frequenter litigator in this Court filing actions on his behalf and for other inmates.[2] Plaintiff has been identified by the Court as an inmate with "three strikes" for § 1915(g) purposes. That is, in this Court plaintiff was denied leave to proceed *in forma pauperis* pursuant to § 1915(g) in *McConico v. Booker, et al.*, CA 96-0538-AH-C,[3] and *McConico v. Scott, et al.*, CA 98-0520-BH-M.[4] Plaintiff's subsequent appeals in these actions were dismissed by the Eleventh Circuit Court of Appeals as frivolous. *McConico v. Booker, et al.*, CA 96-0538-AH-C (S.D. Ala. Nov. 6, 1997), on appeal, No. 97-6941 (11th Cir. May 14, 1998); *McConico v. Scott, et al.,* CA 98-0520-BH-M (S.D. Ala. May 19, 1999), on appeal, No. 99-12815 (11th Cir. Sept. 5, 2001).

In addition to these two frivolous appeals, an examination of the records of this Court and the United States District Court for the Middle District of Alabama reflects that plaintiff filed two other actions while he was a prisoner that were dismissed as frivolous,

---

[2]In 2000, at least seven actions were filed by other inmates complaining that plaintiff's placement in Holman's segregation caused them to be denied access to courts because plaintiff could not assist them with their Rule 32 petitions that had an immediate deadline. Most of these actions had the same deadline. These actions were either similar or identical to each other, and they were dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim.

[3]Plaintiff paid the $150.00 filing fee for this action. Nevertheless, the district court dismissed plaintiff's action for lack of subject matter jurisdiction.

[4]Plaintiff paid the $150.00 filing fee in this action. After a response from defendants, this action was dismissed for lack of subject matter jurisdiction.

namely, *McConico v. Riley, et al.*, CA 96-0118-BH-M (S.D. Ala. July 16, 1996), and *McConico v. Mann, et al.*, CA 96-A-0353-N (M.D. Ala. Mar. 27, 1996).  Therefore, the Court determines that at least three of plaintiff's prior actions or appeals have been dismissed as frivolous.[5]

Because plaintiff's complaint (Doc. 15) comes within the purview of § 1915(g), plaintiff must establish in the complaint that he is "under imminent danger of serious physical injury" in order to avoid this section's application so he can proceed.  In the complaint plaintiff alleges that the two defendants, Commissioner Richard Allen and Governor Bob Riley, "are aware the new terrorists are killing, raping, assaulting, drug trafficking, extort[ing], and preying on elder inmates" and have failed to address this problem.  (Doc. 15 at 8).  These "terrorists" are alleged to be gang members, who are "deeply involved in homosexual activity" and who, until the day that plaintiff filed his

---

[5] In addition, the Court is aware that plaintiff has many other actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  In plaintiff's habeas action filed in this Court, CA 96-0014-RV-M, the respondent in his answer to amendment and renewed motion to dismiss attached an order from the United States District Court for the Northern District of Alabama, which indicated that seven of plaintiff's actions were dismissed as frivolous, malicious, failure to state a claim upon which relief may be granted, or an abuse of process on August 21, 1996 (Doc. 38).  The Northern District court observed, in an accompanying memorandum opinion, that plaintiff had filed at least thirty actions since 1990, and it listed nine actions that were filed since 1994 that were concluded against plaintiff, with most of them being found to be frivolous.

In addition to these actions that were dismissed for being legally insufficient, plaintiff also was barred from proceeding *in forma pauperis* in *McConico v. CMS*, CA 00-0399-RV-L, pursuant 28 U.S.C. § 1915(g).  Plaintiff initially filed that § 1983 action in Missouri, the alleged location of CMS's corporate headquarters.  Subsequently, the action was transferred to this Court where plaintiff's *in forma pauperis* status was revoked.  Thereupon, plaintiff filed a motion to voluntarily his dismiss his action.

original complaint (Doc. 1), or for 85 days (Doc.15, at 9, court-ordered amendment), were psychologically assaulting plaintiff every day after he returned to Holman's segregation unit on January 18, 2008. (Doc. 15 at 8). They would call plaintiff homosexual euphemisms day and night for 85 days "depriv[ing] him of sleep and social (unable to read)" causing his blood pressure to increase and his ulcers to hurt and to become paranoid. (Doc. 15 at 9). The gang members are allegedly participating in this "killing behind bars" because plaintiff wrote an article in 2004 about the homosexual activity at Holman and a senseless murder at Holman by a homosexual inmate. (Doc. 15 at 8). When plaintiff returned to Holman, a former gang member, Kenneth Williams, was in the cell next to plaintiff and told plaintiff what the gang members were going to do to plaintiff, which plaintiff did not identify, and for plaintiff to read the selection for January 21, 2008 in *Our Daily Bread,* which discussed strength and courage about which Dr. Martin Luther King talked. (Doc. 15 at 9). Plaintiff believes that inmate Williams was trying to prepare plaintiff for the "nefarious conduct" with which gang members were going to assault plaintiff. (*Id.*). Plaintiff claims that he has made numerous requests for protection to supervisors which have been "denied and [they] have refused to protect." (Doc. 15 at 9). Therefore, on February 19, 2008, he filed requests with each defendant, but they have not protected plaintiff from the "psychological assaults" that he is being tortured with daily. (Doc. 15 at 9).

  Based on plaintiff's allegations, the Court determines that at the time of filing plaintiff was not "under imminent danger serious physical injury." Plaintiff's allegations

lack the specificity to show that he will sustain an imminent serious physical injury. *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (a "generalized assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").[6] The injury of which plaintiff complains is a psychological injury, but he also alleges that as a result of the "psychological assaults," he has suffered stress that caused his blood pressure to elevate and his ulcers to hurt. Plaintiff does not provide detailed information about his blood pressure, such as, was his blood pressure normal before, was it already high, was he already prescribed medication for his blood pressure, and did medical personnel make the determination that it was elevated. And plaintiff merely states that he "hurts," not whether it would lead to an injury. "[T]he mere fact that plaintiff has complained of medical issues does not 'presume imminent danger.'" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, J.) (unpublished). Thus, the Court finds that plaintiff has failed to alleged an injury that is a serious physical injury. *See Margiotti v. Nichols,* 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (reviewing cases that satisfied the exception of

---

[6]The Eleventh Circuit Court of Appeals in *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004), relied on the *Martin* case as an example where a prisoner failed to meet § 1915(g)'s imminent injury exception. The plaintiff in *Martin* complained of being forced to work once in cold weather without warm clothing and once in extreme hot weather despite his blood pressure condition. *Id.* (citing *Martin,* 319 F.3d at 1050). He also made conclusory assertions that the defendants were trying to kill him by working him in the severe conditions "despite his blood pressure condition." *Id.* (citing *Martin,* 319 F.3d at 1050). The Eighth Circuit concluded that his general assertion was inadequate to satisfy the imminent serious physical injury exception. *Id.* (citing *Martin,* 319 F.3d at 1050).

imminent serious physical injury) (unpublished).  Based on the allegations, a serious physical injury that is consistent with the allegations is remote, not imminent.  More importantly, plaintiff's action is trying to place responsibility for no action being taken on the Commissioner and Governor, who are not in the position to assess what occurs daily to plaintiff in Holman's segregation unit.  Ordinarily, liability cannot be imposed against the defendants for their employees' actions or failures to act.  *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978) (in a § 1983 action, a defendant cannot be held vicariously liable for the acts of an employee under the theory of *respondeat superior*).

In the present action, plaintiff's complaint (Doc. 15) does not indicate that at the time of filing plaintiff was "under imminent danger of serious physical injury."  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  Because plaintiff did not pay the $350.00 filing fee at the time he filed this action and has not met § 1915(g)'s exception that he is "under imminent danger of serious physical injury," plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); *see Simmons v. Zloch,* 148 Fed Appx. 921, 922 (11th Cir. Nov, 7, 2005) (unpublished).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 2nd day of July, 2008.

                                                     s/WILLIAM E. CASSADY
                                                     UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     ***Objection***. Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate

Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        s/WILLIAM E. CASSADY
        UNITED STATES MAGISTRATE JUDGE